UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| K.M.,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>　　　　　　　　Defendant. | Case No. 2:22-cv-08560-SVW (SHK)<br><br>**ORDER DISMISSING CASE AND ISSUING SANCTIONS AGAINST COUNSEL** |

## I.　BACKGROUND

On November 22, 2022, Plaintiff K.M. ("Plaintiff") filed a Complaint ("Complaint") seeking judicial review of a decision of the Commissioner of Social Security ("Defendant"). Electronic Case Filing Number ("ECF No.") 1, Complaint. On February 13, 2023, the Court issued its Scheduling Order ("Order"), in which Plaintiff was ordered to file an opening brief ("Opening Brief") within 30 days of Defendant answering ("Answer") Plaintiff's Complaint. ECF No. 11, Order. On May 12, 2023, Defendant filed an Answer. ECF No. 15, Answer. Thus, pursuant to the Court's Order, Plaintiff's Opening Brief was due on June 11, 2023.

///

Plaintiff failed to timely file an opening brief and so on August 24, 2023, the Court ordered Plaintiff to show cause ("OSC") by August 31, 2023 "why this case should not be dismissed for failure to prosecute." ECF No. 16, OSC at 1. The Court instructed Plaintiff that "[f]iling the Opening Brief by August 31, 2023, shall constitute compliance with th[e OSC]." Id.

Plaintiff failed to file the Opening Brief as ordered or otherwise respond to the OSC. Consequently, on September 7, 2023, Plaintiff was ordered to show cause ("Final OSC"), "**one final time** by September 14, 2023, why this case should not be dismissed for failure to prosecute and follow Court orders." ECF No. 17, Final OSC (emphasis in original). Plaintiff was instructed that "[f]iling the Opening Brief by September 14, 2023 shall constitute compliance with this Order." Id. at 1. Plaintiff was warned "**that failure to file Plaintiff's Opening Brief by the date above will result in dismissal of this action for failure to prosecute and follow Court orders.**" Id. (emphasis in original).

Plaintiff again failed to timely file an Opening Brief as ordered and, instead, four days after the filing deadline had passed, on September 18, 2023, Plaintiff moved for an extension of time ("EOT") until October 2, 2023, to file her opening brief ("First EOT Motion"). EFC No. 18, First EOT Motion. On September 22, 2023, the Court granted Plaintiff's First EOT Motion, ("Order Granting First EOT Motion"), resulting in a new filing deadline of October 2, 2023. ECF No. 19, Order Granting First EOT Motion. The Court, however, warned Plaintiff's counsel that:

> **Based on counsel Suzanne C. Leidner's ("Counsel") repeated violations of Court orders, Counsel is put on notice that future violations of Court orders will likely result in monetary sanctions. Further, because Plaintiff's Opening Brief was due more than three months ago on June 11, 2023, and Plaintiff has only now sought an extension of time, no additional extensions will be granted for Plaintiff to file Plaintiff's Opening Brief.**

Id. at 1 (emphasis in original).

2

1  On October 2, 2023, Plaintiff requested one additional day, until October 3,
2  2023, to submit the Opening Brief ("Second EOT Motion").  ECF No. 20, Second
3  EOT Motion.  Before the Court could rule on the Second EOT Motion, on October
4  3, 2023, Plaintiff requested that "Plaintiff's counsel . . . be allowed to dismiss this
5  matter . . . due to lack of evidence to support proper and appropriate argument."
6  ECF No. 21, Request to Extend Time to Prepare to Dismiss this Matter ("Third
7  EOT Motion") at 1-2.  Further, without specifying how much time would be
8  needed to file a notice of dismissal ("NOD"), Counsel noted that "[p]ending
9  approval of this Request for time to Dismiss, Plaintiff's Counsel will proceed with
10 filing the appropriate forms and papers."  Id. at 2.

On October 2, 2023, Plaintiff requested one additional day, until October 3, 2023, to submit the Opening Brief ("Second EOT Motion"). ECF No. 20, Second EOT Motion. Before the Court could rule on the Second EOT Motion, on October 3, 2023, Plaintiff requested that "Plaintiff's counsel . . . be allowed to dismiss this matter . . . due to lack of evidence to support proper and appropriate argument." ECF No. 21, Request to Extend Time to Prepare to Dismiss this Matter ("Third EOT Motion") at 1-2. Further, without specifying how much time would be needed to file a notice of dismissal ("NOD"), Counsel noted that "[p]ending approval of this Request for time to Dismiss, Plaintiff's Counsel will proceed with filing the appropriate forms and papers." Id. at 2.

On November 15, 2023, the Court denied the Second EOT Request as moot and granted the Third EOT Motion ("EOT Order") and ordered that Plaintiff's NOD be filed by November 21, 2023. ECF No. 22, EOT Order at 3. The Court added that:

> because Plaintiff has already been instructed that no further EOTs would be granted and Counsel has now sought two additional EOTs after receiving this instruction, **Counsel is warned one final time that <u>no further EOTs will be granted</u> and, if the NOD is not filed by November 21, 2023, the Court will dismiss this case, with or without prejudice, and <u>will</u> issue a monetary sanction against Counsel.**

Id. (emphasis in original).

As of the date of this Order, Plaintiff has failed to file the NOD as ordered or otherwise participate in this litigation.

## II. DISCUSSION

District courts have <u>sua sponte</u> authority to dismiss actions for failure to prosecute or to comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b); <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629-30 (1962); <u>Hells Canyon Pres. Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) <u>sua sponte</u> for a plaintiff's

failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson). "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998)). In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus. Hernandez, 138 F.3d at 399.

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite numerous extensions and warnings, Plaintiff has failed to file a NOD as ordered by the extended deadline or otherwise participate in this litigation. This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendant—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when plaintiffs unreasonably delay prosecution of an action. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted). Here, Plaintiff has not offered any excuse

4

1 for Plaintiff's failure to comply with the Court's order and respond in a timely
2 manner and this "prejudice" element thus favors dismissal.

3       The fourth factor—public policy in favor of deciding cases on the merits—
4 ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to
5 move litigation towards disposition at a reasonable pace and to avoid dilatory and
6 evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).
7 Plaintiff has not met this responsibility despite having been: (1) instructed on
8 Plaintiff's responsibilities; (2) granted sufficient time in which to discharge them;
9 and (3) repeatedly warned of the consequences of failure to do so.  See ECF Nos.
10 10, 13, 15, 17-18.  Under these circumstances, though this policy favors Plaintiff, it
11 does not outweigh Plaintiff's failure to obey Court orders or to file responsive
12 documents within the time granted.  Further, in this case, Plaintiff concedes that
13 there is a lack of evidence to support proper and appropriate argument and that
14 dismissal is the appropriate course of action.  See ECF No. 21, Third EOT Motion
15 at 1-2.  Thus, Plaintiff's belief that dismissal is appropriate due to a lack of
16 evidence to support Plaintiff's claim further cuts against leaving this case open to
17 eventually decide the case on the merits because, by Plaintiff's own admission,
18 Plaintiff's case would not be successful.

19       The fifth factor—availability of less drastic sanctions—also weighs in favor
20 of dismissal.  The Court cannot move the case toward disposition without
21 Plaintiff's compliance with Court orders or participation in this litigation.  Despite
22 repeated attempts by the Court to obtain a response, Plaintiff has shown that
23 Plaintiff is either unwilling or unable to comply with Court orders by failing to file
24 responsive documents or unable to otherwise cooperate in prosecuting this action.
25 The Court is not aware of any lesser sanction that is available in this case.  See
26 Henderson, 779 F.2d at 1424 ("The district court need not exhaust every sanction
27 short of dismissal before finally dismissing a case but must explore possible and
28

meaningful alternatives.") (citation omitted); see also Roman v. Smith, No. 2:18-07909 PA (ADS), 2019 WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, because it appears that Plaintiff has abandoned this litigation, and because Plaintiff has repeatedly defied Court orders, the Court DISMISSES this case, without prejudice.

Finally, because Counsel has missed repeated deadlines to the detriment of her client, Plaintiff, and because Counsel has been repeatedly warned that monetary sanctions would be issued for further violations of Court orders and Counsel has, again, violated Court orders, Counsel is sanctioned $750.00, which shall be paid by **5:00 p.m. on February 23, 2024**. Additionally, Counsel shall serve a copy of this order on both Plaintiff and the California State Bar and file proofs of services on both entities by **5:00 p.m. on February 23, 2024**. **Counsel is warned that failure to timely: (1) pay the $750.00 sanction; (2) file a proof of service of this order on Plaintiff; and (3) file a proof of service of this order on the California State Bar, will result in an additional $500.00 sanction each week at 5:00 p.m. on Friday, for each task Counsel fails to timely perform by then.**

The Court does not take issuing this order lightly and is based on repeated conduct by Counsel in this matter and before other judges of this Court. See, Michele Seifert v. Kilolo Kijakazi, 5:22-cv-02132-JGB-AJR, ECF No. 36 (directing Counsel to provide a copy of the order setting out sanctionable behavior, requiring the order be served on Counsel's client, and requiring Counsel to provide an attestation of same with the Court by a date certain).

### III.   ORDER

Based on the foregoing, IT IS ORDERED THAT:

(1) Judgment be entered **DISMISSING** this case without prejudice;

(2) Counsel is sanctioned $750.00, which shall be paid by **5:00 p.m. on February 23, 2024;**

(3) Counsel shall serve a copy of this order on Plaintiff and the California State Bar and file proofs of services on both parties by **5:00 p.m. on February 23, 2024**; and

(4) failure to timely perform the above tasks will result in an additional $500.00 sanction each week at 5:00 p.m. on Friday, for each task Counsel fails to timely perform by then.

DATED: February 8, 2024

HON. STEPHEN V. WILSON
United States District Judge

Presented by:

HON. SHASHI H. KEWALRAMANI
United States Magistrate Judge